United States District Court
for the
Southern District of Florida

| | |
|---|---|
| mCom IP, LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23427-Civ-Scola |
| | ) |
| City National Bank of Florida, Defendant. | ) |

## **Order Striking Complaint**

     This matter is before the Court on an independent review of the record. This patent infringement action arises from the Defendant City National Bank of Florida's alleged infringement of U.S. Patent No. 8,862,508, which the Plaintiff mCom IP, LLC "owns by assignment." (Compl., ECF No. 1.) In the complaint, mCom asserts one count of patent infringement against City National Bank of Florida. (*Id.* ¶¶ 6-12.) Within the single count, mCom alleges direct infringement, inducement of infringement, and contributory infringement.

     "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015).

     The complaint here is this type of shotgun pleading. mCom attempts to fit multiple distinct theories of liability into its claim. Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations. *See id.*; *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F.

App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)).

Accordingly, the Court **strikes** the complaint, (**ECF No. 1**), as a shotgun pleading. mCom may file an amended complaint by **February 27, 2024**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. "[A]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it 'simply recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'" *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) (Bloom, J.) (quoting *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016)).

mCom is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (cleaned up)).

In light of the above, the Defendant's motion to dismiss the Plaintiff's complaint is **denied without prejudice** (**ECF No. 16**). Additionally, the Court reminds the Plaintiff that all filings must adhere to the Local Rules, including Rule 7.2(c)(2).

**Done and ordered** in Miami, Florida on February 13, 2024.

Robert N. Scola, Jr.
United States District Judge