**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 1:23-cv-23427-RNS**

MCOM IP LLC,

     Plaintiff,

v.

CITY NATIONAL BANK OF FLORIDA,

     Defendant.

_____/

<u>**MOTION TO DISMISS AMENDED COMPLAINT**</u>
<u>**AND MOTION FOR ORDER TO SHOW CAUSE**</u>

     Defendant, CITY NATIONAL BANK OF FLORIDA, ("CBFL" or "Defendant") hereby submits its Motion to Dismiss the Amended Complaint filed by the Plaintiff, MCOM IP, LLC ("MCOM" or "Plaintiff") [ECF No. 26], and an Order to Show Cause as to why sanctions should not be imposed pursuant to the Court's Order Striking Plaintiff's Complaint ( the "Order") [ECF No. 25], and for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), as MCOM fails to plausibly state a valid claim for patent infringement regarding U.S. Patent No. 8,862,508 (the "'508 Patent"), and in support thereof states as follows:

## I.      **INTRODUCTION**

     This patent infringement action arises from the Defendant City National Bank of Florida's alleged infringement of the '508 Patent, which the Plaintiff, mCom IP, LLC owns by assignment. (Am. Compl., ECF No. 26.) On September 8, 2023, Plaintiff filed a deficient complaint which commingled and conflated claims of direct infringement, inducement of infringement and

contributory infringement in one single count,[1] and otherwise failed to state a cause of action for patent infringement, which prompted the filing of Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 18]. Upon independent review of the record, the Court struck Plaintiff's Complaint on February 14, 2024. In so doing, it ruled that Plaintiff's Complaint constituted an impermissible shotgun pleading, but allowed Plaintiff to file an Amended Complaint "***provided that it complies with this order, Federal Rules of Civil Procedure 8(a), and the Iqbal/Twombley standard***."[2] The Order also forewarned the Plaintiff that failure to comply with the Order may result in the dismissal of this case with prejudice or other appropriate sanctions, including the imposition of monetary sanctions.[3] On February 27, 2024, Plaintiff filed an Amended Complaint [ECF No. 26] with the same fatal flaws that warranted striking of its original Complaint. Plaintiff, who is no stranger to federal litigation, failed to comply with the Court's Order in all regards.

Specifically, Plaintiff's Amended Complaint obstinately immixes several theories of patent infringement liability into one count, in direct contravention of the Order [ECF No. 25], and again fails to provide adequate notice to Defendant, making it impossible for Defendant to ascertain the existence of affirmative defenses, such as whether the complained-of activity is covered by existing licenses. The Claim Chart attached to the Complaint relies heavily on invalid and canceled claim 13, and makes no mention of claims 2, 3, 7, 8, or 14, once again failing to meet the threshold required by *Iqbal* and *Twombly* for stating a claim for relief. Plaintiff also once again fails to state a claim for indirect patent infringement as it alleges no facts in support of its conclusory allegations about Defendant's knowledge of the '508 Patent predating the filing of the complaint, as required in this jurisdiction.

---

[1] *See*, Compl. [ECF No. 1] at ¶¶ 6-12.
[2] *See* Order Striking Comp.[ECF No. 25] at p.2 (emphasis added).
[3] *Id.*

All independent claims 1, 7 and 13, as well as dependent claims 3-6, 9-12, 15-16, and 18-20, were adjudged invalid as obvious under 35 U.S.C. 103 following a separate challenge before the Patent Trial and Appeal Board ("PTAB") in *Unified Patents, LLC v. MCOM IP, LLC*, IPR 2022-0055 at p. 40. Claims 1, 3-7, 9-13, 15-16, and 18-20 are now canceled due to their invalidity.

Dependent claims 2, 8, 14, and 17 had not been previously challenged, but are not patentably distinct, standing on their own. Based on the Plaintiff's own statements and admissions, the validity of claims 2, 8, 14, and 17 relies on the patentability and validity of their antecedent representative independent claims. With the invalidity determination and cancellation of claims 1, 3-7, 9-13, 15, 16, and 18-20, so too are the asserted dependent claims 2, 8, 14 and 17 invalid and unenforceable against the Defendant.

## II.     STATEMENT OF THE FACTS

1.      On September 8, 2023, Plaintiff filed its Complaint against Defendant alleging infringement of claims 2,8,14 and 17 of the '508 Patent. [ECF No.1], which was stricken by the Court [ECF No. 25].

2.      Plaintiff's Amended Complaint is similar to Plaintiff's previously stricken complaint in that it alleges a single count for patent infringement, containing allegations sounding in direct, indirect, contributory and inducement of infringement. *See* Am. Compl. [ECF No. 26] at ¶¶ 12-14.

3.      Plaintiff's Amended Complaint further includes what appears to be argument anticipating possible grounds in support of dismissal of the suit, identical to language previously included in the argument section of Plaintiff's Response to Defendant's Motion to Dismiss. *See* Am. Compl. [ECF No. 26] at ¶¶ 15-38, *Cf* Plaintiff MCOM IP, LLC's Response to Defendant's Fed.R. Civ.P. 12(b)(6) Motion to Dismiss [ECF No. 17] at pp. 13-21.

4.      In February of 2023, the PTAB issued a Final Written Decision in an *inter partes* review challenging claims 1, 3-7,9-13,15, 16, and 18-20 of the '508 Patent which invalidated the challenged claims and thus unpatentable. *Unified Patents, LLC v. MCOM IP, LLC*, IPR 2022-0055 at p. 40. Claims 2,8,14 and 17 were unchallenged in the aforementioned proceeding. *See **Exhibit "1."***

5.      Plaintiff's Amended Complaint contains allegations of infringement of claim 7, which was invalidated by the USPTO.[4]

6.      Claim 2 is dependent of invalidated claim 1, claim 8 are dependent of invalidated claim 7, and claims 14 and 17 are dependent of invalidated claim 13.

7.      During the patent prosecution stage of the '508 patent, the Plaintiff extensively argued that the dependent claims should be allowed by virtue of the reasoning in allowing the now-invalidated independent claims. *See **Exhibit "2"** at pp. 45-83.

8.      Plaintiff sued Defendant without ever providing a "Cease and Desist" type communication or any other document that would reasonably put Defendant, a national banking association, on notice of the existence of Plaintiff's purported patent rights.

### III.      RENEWED REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully requests that this Court take judicial notice of the following:

1) The Final Written Decision issued by the USPTO in *Unified Patents, LLC v. MCOM IP, LLC*, IPR 2022-0055, attached hereto as ***Exhibit "1"***; and

2) The pertinent portion of the prosecution history of the '508 Patent, attached hereto as ***Exhibit "2."***

---

[4] See Am. Compl. [ECF No. 26] at ¶¶ 12-13.

4

A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Evidence 201 so long as it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Judicial notice of patent prosecution history files is regularly permitted. *See, e.g., Coffelt v. NVIDIA Corp.*, No. 16-00457, 2016 U.S. Dist. LEXIS 185157, 2016 WL 7507763, at *2 (C.D. Cal. June 21, 2016), aff'd, 680 F. App'x 1010 (Fed. Cir. 2017). Additionally, courts regularly take judicial notice of public documents from the United States Patent and Trademark Office. *See Sweepstakes Patent Co., Ltd. Liab. Co. v. Mosely,* No. 14-cv-62354-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 102584, at *5 (S.D. Fla. June 28, 2017) *See, e.g., Universal Elecs., Inc. v. Roku, Inc.*, No. 18-01580, 2019 U.S. Dist. LEXIS 74623, 2019 WL 1877616, at *1 n.1 (C.D. Cal. Mar. 5, 2019); *see also RJ Tech., LLC v. Apple, Inc.*, No. 8:22-cv-01874-JVS (JDEx), 2023 U.S. Dist. LEXIS 50782, at *4 (C.D. Cal. Mar. 23, 2023) (allowing judicial notice of patent prosecution at the motion to dismiss stage); *see also Anchor Sales & Mktg. v. Richloom Fabrics Grp., Inc., No*. 15-CV-4442 (RA), 2016 U.S. Dist. LEXIS 105030, at *2 n.1 (S.D.N.Y. Aug. 9, 2016) (holding that a court may take judicial notice of patent prosecution without converting a motion to dismiss into a motion for summary judgment).

## IV.   ARGUMENT

### A. Legal Standard

As noted in the Order [ECF No. 25], failure to comply with a court's order to strike by filing a repleader with the same deficiency may result in a dismissal with prejudice and imposition of monetary sanctions. *See Jackson v. Bank of Am.*, N.A., 898 F.3d 1348, 1357-59(11th Cir.2018).

As previously argued, the 2015 amendments to the Federal Rules of Civil Procedure abrogated Form 18, and instead imposed the plausibility standard of *Twombly* and *Iqbal* to patent infringement claims. *See Glob. Tech Led, LLC v. Every Watt Matters, LLC, No. 15-cv-61933, 2016 U.S. Dist. LEXIS 122111, at \*4* (S.D. Fla. May 18, 2016); *Disc Disease Sols. Inc. v. VGH Sols. Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *see also Invincible IP LLC v. SAS Inst. Inc.*, 2022 U.S. Dist. LEXIS 153444, at \*2 (S.D.N.Y. Aug. 25, 2022). "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). As such, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Oviedo Town Ctr. II, L.L.L.P. v. Ciy of Oviedo,* 759 F. App'x 828, 833 (11th Cir. 2018). A claim is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. *Twombly* further provides that a plaintiff's obligation to state adequate grounds for relief under Fed. R. Civ. P. 8(a) "requires more than labels and conclusions." In ruling on a 12(b)(6) motion, a court generally may consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). When the

plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, however, then the Court may consider those documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim.*" Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (*per curiam*).

**B.  Plaintiff Refiled a Shotgun Pleading Despite Warning from the Court**

**1.  *Plaintiff Improperly Includes Legal Argument in Paragraphs 15-38 of its Amended Complaint.***

Allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statements need only give the defendant fair notice of what the claim is and the ground upon which it rests." *Thomason v. Alabama Home Builders Licensure Bd.*, 741 F. App'x 638, 641 (11th Cir. 2018) (citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). Moreover, conclusory allegations and citations to legal authorities are not appropriate for inclusion in a complaint and should be stricken. *See Fisher v. Educ. Credit Mgmt. Corp., Ltd. Liab. Co.*, No. 1:16-CV-2724-TWT-JFK, 2017 U.S. Dist. LEXIS 120644, at *2 (N.D. Ga. July 5, 2017); *see also Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.") (citing *Chevy Chase Bank, F.S.B. v. Carrington*, 2010 U.S. Dist. LEXIS 17724, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010); *see also Soroka v. MSC Cruises, S.A.*, No. 20-20118-CV-GRAHAM, 2020 U.S. Dist. LEXIS 265769, at *2 (S.D. Fla. May 5, 2020) (order dismissing complaint containing improperly embedded legal argument).

Plaintiff was ordered to comply with Fed. R. Civ. P. 8(a) and was forewarned that the filing of an amended complaint would only be permitted if compliant with the Court's requirements. Plaintiff's recycled legal arguments are inappropriately asserted as factual allegations to which Defendant cannot respond. As such, Defendant contends that Plaintiff's failure to comply with the Order in this regard warrants a dismissal with prejudice, or, at the very least, contends that allegations 15-38 should be stricken from the Amended Complaint.

### 2. Plaintiff Obstinately Conflates and Commingles Several Theories of Liability in a Single "Infringement" Count.

As noted in the Order [ECF No. 25], "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* In its Order, the Court expressly forewarned Plaintiff that "mCom attempts to fit multiple distinct theories of liability into its claim. Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *See* Order Striking Complaint [ECF No. 25] at p1, *citing Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015).

Despite ample warning from the Court, Plaintiff's Amended Complaint suffers from the identical fatal defects which caused the striking of Plaintiff's original Complaint. Specifically, several theories of liability (direct patent infringement, indirect patent infringement, contributory patent infringement and inducement of patent infringement) are amalgamated in one count. *See* Am. Compl. [ECF No. 26] at ¶¶ 12-14. Plaintiff's inadequately plead Complaint has already forced Defendant and the Court to incur unnecessary time and resources in directing Plaintiff on how to comply with the pleading requirements in this jurisdiction. Despite such efforts and in blatant

8

violation of the Order, Plaintiff is insistent on submitting pleadings which fail to comport with the applicable standards.

**C.** **The Amended Complaint Is Still Inadequately Plead**

**1.** *Plaintiff Fails to Adequately Plead Direct Infringement.*

As previously argued by Defendant and as noted in the Order [ECF No. 25], "[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Id.* As such, the complaint must give Defendants fair notice, as to the alleged infringement claims. *Blue Water Innovs., LLC v. Fettig*, No. 18-60671-Civ-Scola, 2019 U.S. Dist. LEXIS 73605, at *5 (S.D. Fla. Mar. 8, 2019). Moreover, when a complaint alleges infringement with respect to multiple claims within a patent, and the claim chart attached to the complaint only details analysis directed to some of (and not all) of the allegedly infringed claims, it does not provide fair and sufficient notice. *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.,* No. 16-60693, 2016 U.S. Dist. LEXIS 122110, 2016 WL 6678525, at *2) (S.D. Fla. June 8, 2016). In order to properly state a claim for patent infringement, "the allegedly infringing product must practice *all elements of a patent claim*." *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 U.S. Dist. LEXIS 97440, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017) (Altonaga, J.).

*a.* *Claim 2, Dependent from Invalidated Claim 1*

Despite ample forewarning from the Court about pleading standards, Plaintiff's Amended Complaint is still devoid of factual allegations relating to how Defendant "maintains, operates, and administers systems, products and services of unified banking systems" in such a way that it infringes on claim 2. Specifically, claim 2 recites:

"The method of claim 1 wherein said stored transactional data is stored in association with a customer profile.[5]"  This further limits the "storing" step recited in claim 1, *viz*:

> storing transactional usage data associated with said at least one e-banking touch point transmitting said actionable input, wherein said stored transactional usage data is accessible by any one of said more than one e-banking touch points and said at least one computer system.[67]

The Complaint makes no factual allegations tying any method practiced by the Defendant to any element of claim 2 or any element of claim 1 from which it depends. No factual allegation is presented that even alludes to storing transactional usage data or its storage in association with a customer profile. To the extent that Plaintiff can or must rely on the Claim Chart provided as Exhibit "B" to the Amended Complaint to substantiate the formulaic conclusory recitations in the Amended Complaint, the Claim Chart makes no mention of Claim 2 or any of the elements thereof. As such, Defendant has not been provided with adequate notice as to any alleged infringement of claim 2.

>    *b.   Claim 8, Dependent from Invalidated Claim 7*

Plaintiff's Complaint suffers from the same fatal defect regarding its allegations related to claim 8. Specifically, claim 8 recites:

> "The method of claim 7, wherein said stored transactional usage data is stored in association with a customer profile."[8]

Again, the recitation in claim 8 further limits the "storing" step of claim 8, *viz*:

> "storing transactional usage data associated with said at least one e-banking touch point transmitting said actionable input, wherein said stored transactional usage data is accessible by any one of said more than one e-banking touch points and said at least one computer system;"[9]

---

[5] Claim 1 was invalidated pursuant to *Unified Patents, LLC v. MCOM IP, LLC*, IPR 2022-0055.

[6] (ECF No. 26-1, p. 13).

[7] Defendant submits the limitation of claim 1 in this section not for purposes of engaging in claim construction, but to show what facts Plaintiff would need to allege in order to sufficiently state a claim for patent infringement under *Iqbal/Twombley*.

[8] (ECF No. 26-1, p. 13).

[9] *Id.*

The Complaint devotes no allegations directed at how Defendant allegedly employs any of the elements of claim 7 nor the specific added limitation of claim 8 as it relates to the method of Claim 7. Similarly, the appended Exhibit B Claims Chart provides no analysis, or even any mention of claim 7 or claim 8. As a result, the Complaint is facially deficient in alleging plausible facts to ground its purported claims of infringement as it relates to the asserted claim 8.

      *c.*   *Claims 14 and 17, Both Dependent from Invalidated Claim 13*

Similar to the approach in claims 2, and 8, the Claim Chart devotes no specific language relating to infringement of claim 14. With regard to claim 17, the Claims Chart presents no clear allegations of fact regarding Plaintiff's basis for infringement. Specifically, the allegations presented in the Claim Chart fail to allege any infringing activity outside the scope of invalid and canceled independent claim 13. Claim 17 does not further limit claim 13 because its recitation of a "common point of control of functionality" merely clarifies the inherent property and functionality of the "common multi-channel server" recited in claim 13. Therefore, the Amended Complaint fails to present the Defendant with any clear or fair notice of infringement of claim 17 independent of the Defendant's permissible use of the system as defined in claim 13, which cannot be infringed. Therefore, the Amended Complaint is also insufficient with regard to claim 17 under *Twombly* and *Iqbal,* and dismissal of the Complaint as it relates to claim 17 is required.

**2. *Plaintiff Fails to Adequately Plead Indirect Infringement.***

To state a claim for induced infringement, a plaintiff must affirmatively plead "facts plausibly showing that [Defendant] specifically intended other[s] to infringe the [patent] and knew that the third-party acts constituted infringement." *Universal City Studios v. Nissim Corp.*, No. 14-81344-CIV-KAM, 2015 U.S. Dist. LEXIS 30577, at *15 (S.D. Fla. Mar. 12, 2015). To repeat the legal conclusion that a party has contributorily infringed does not plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. App'x 934, 938 (Fed. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678)). Moreover, the Supreme Court has clarified that induced infringement requires "knowledge that the induced acts constitute patent infringement. "*Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011); *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). Moreover, in this judicial district and in the Middle District of Florida, courts require plaintiffs to allege that defendants had pre-suit knowledge of the patents-in-suit, following the Supreme Court decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011). *See Zamora Radio, LLC v. Last.fm, Ltd.*, 758 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010); *see also, Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,* 904 F. Supp. 2d 1260, 1268-69 (M.D. Fla. 2012) (dismissing claims of indirect infringement because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement").

In its Amended Complaint, Plaintiff alleges the same formulaic conclusory allegations alleged in its previously stricken Complaint, namely that "Defendant has known of the '508 [Patent] and the technology underlying it from at least the filing date of the lawsuit" with a footnote indicating that Plaintiff reserves the right to amend if it finds an earlier date of knowledge.[10] Not one fact is alleged supporting the contended conclusion that the Defendant had any knowledge whatsoever of the '508 Patent prior to this lawsuit. This type of effort is woefully deficient in meeting the pleading standards imposed by this Court pursuant to *Iqbal/Twombley*.

---

[10] *See* Am. Complaint [ECF No. 26] at ¶12.

**D.** **The Amended Complaint Fails to State A Claim Upon Which Relief Can Be Granted Because Plaintiff Does Not Allege Patentable Subject Matter In the '508 Patent.**

Even assuming *arguendo* that Plaintiff's Amended Complaint meets the compliance requirements prescribed in the Order [ECF No. 25], Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted, as it fails to allege patentable subject matter in the non-invalidated dependent claims left standing.

### 1. *The '508 Patent is Invalid Because it Presents an Abstract Idea.*

The 2014 *Alice Corp. v. CLS Bank International,* 573 U.S. 208 (2014) decision defined patentability standards for business method inventions. The claims in the asserted the '508 Patent issued in 2014 and were examined under pre-*Alice* criteria for patentability.

In *Alice*, the Supreme Court determined that a computer-implemented invention was unpatentable as being directed to an abstract idea, using a two-part test: (1) determine whether the claims are directed to a patent-ineligible concept, such as an abstract idea, and (2) if an abstract idea, determine whether the claim's elements, considered both individually and as an ordered combination, transform the nature of the claims into a patent-eligible application.

"[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Sanderling Mgmt*., 65 F.4th at 704 (quoting *Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Can.* (U.S.), 687 F.3d 1266, 1273 (Fed. Cir. 2012)). Rather, "[i]f claims are directed to ineligible (or eligible) subject matter under all plausible constructions, then the court need not engage in claim construction before resolving a Section 101 motion." *Id.* Courts have held that it is unnecessary to address each claim of an asserted patent individually as part of a § 101 analysis where one or a subset of claims is "representative" of the others. *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); *see In re Brown*, No. 2015-1852, 645 Fed. Appx. 1014, 2016 U.S. App. LEXIS 7291, 2016 WL 1612776,

at *1 (Fed. Cir. Apr. 22, 2016). Iron Gate Sec., Inc. v. Lowe's Cos., No. 15-cv-8814 (KBF), 2016 U.S. Dist. LEXIS 101796, at *15 (S.D.N.Y. Aug. 3, 2016). While independent claims stand alone and set forth all of the limitations of the claim, dependent claims, on the other hand, refer to ("depend from") another claim and must be read in connection with the claim (or claims) from which they depend: a dependent claim includes all of the limitations of the claims from which it depends plus the additional limitation or limitations recited in the dependent claim. *See* 35 U.S.C. § 112, P 4. When a movant relies on a representative claim for its invalidity argument, "it bears the burden of showing that the other asserted claims are 'substantially similar and linked to the same abstract idea.'" *Perdiemco, LLC v. Industrack LLC*, No. 2:15-cv-727-JRG-RSP, 2016 U.S. Dist. LEXIS 135667, at *21-22 (E.D. Tex. Sep. 21, 2016) (quoting Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A., 776 F.3d 1343, 1348 (Fed. Cir. 2014)); *TriPlay, Inc. v. WhatsApp Inc.*, No. 13-1703-LPS, 2015 U.S. Dist. LEXIS 55068, at *19 (D. Del. Apr. 28, 2015). "[A] claim is considered representative when the arguments presented in support of that claim . . . apply to other claims grouped with the representative claim, and all claims argued with a representative claim rise and fall based on the representative claim." *In re Lemay*, 660 F. App'x 919, 921 n.2 (Fed. Cir. 2016) (citing 37 C.F.R. § 41.37(c)(1)(iv)).

Here, the claims of '508 Patent are directed to the abstract idea of constructing a unified electronic banking environment (independent claims 1 and 7, and its dependent claims 2-6 and 8-12); and a unified banking system (independent claim 13 and its dependent claims 14-20). Each of these claims simply employ a computer – specifically a multi-channel server – to centralize, and carry out mental processes that can otherwise be achieved using mental steps. the claim's elements, considered both individually and as an ordered combination, The elements of the claims fail to transform them into a patent-eligible applications because the claimed method and system

merely relies on implementation of the centralized, multi-channel server – the computer component – to carry out methods already in practice in the prior art, using a centralized server concept also in the prior art. Thus, failing the *Alice* two-step analysis test '508 Patent is invalid as being directed to an abstract idea.

### 2. *Claim 7 is Invalid.*

Because independent claim 7 was held to claim unpatentable subject matter by the USPTO prior to the initiation of the present action, any allegation of infringement regarding claim 7 and any of its elements contained in Plaintiff's Amended Complaint should be disregarded. (*See Mosely*, 2017 U.S. Dist. LEXIS 102584, at *5) (order dismissing infringement claims with prejudice where claims of an asserted patent were invalidated).

### 3. *Claims 2, 8, 14, and 17 Do Not Add Patentable Subject Matter to the Invalidated Obvious Claims.*

As threshold issue, an invalidity argument may be considered at the motion to dismiss stage. *Agile Journeys LLC v. Walt Disney Co.*, No. 6:22-cv-2272-CEM-LHP, 2023 U.S. Dist. LEXIS 131552, at *4-5 (M.D. Fla. June 27, 2023) (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 719 (Fed. Cir. 2014); *Sanderling Mgmt. v. Snap Inc.*, 65 F.4th 698, 704 (Fed. Cir. 2023)); *see also Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012).

The asserted dependent claims 2, 8, 14 and 17 are invalid under 35 U.S.C. 103 as obvious. The '508 Patent was issued on 14 October 2014 with 20 claims. An Inter Partes Review (IPR) challenge of 16 of the issued claims resulted in invalidation and cancellation of each of those claims, finding them unpatentable under 35 U.S.C. 103, and obvious over certain prior art references.

Combinations of prior issued or published patent documents were the basis of the challenge to claims 1, 3-7, 9-13, 15, 16, and 18-20, namely: US 5,870,724 (Lawlor); US 5,682,525 (Bouve); US 2003/0141360 (De Leo); US 7,925,549 (Looney); US 5,796,832 (Kawan); and US 7,877,290 (Arsenault). Because these references, in various combinations, described all of the elements of the challenged claims, the PTAB determined that the challenged claims of the '508 Patent did not meet the "non-obviousness" standard required under 35 U.S.C. §103 and deemed all of the challenged claims to be invalid.

The chart below, reproduced from the PTAB decision, delineates the applicability of the references to the challenged claims.

| Claim(s) | 35 U.S.C. § | Reference(s)/ Basis | Claims Shown Unpatentable |
|---|---|---|---|
| 1, 3, 5–7, 9, 11, 12 | 103(a) | Lawlor, Bouve, De Leo, Looney | 1, 3, 5–7, 9, 11, 12 |
| 13, 15, 16, 19, 20 | 103(a) | Lawlor, Bouve, De Leo, Looney, Kawan | 13, 15, 16, 19, 20 |
| 4, 10 | 103(a) | Lawlor, Bouve, De Leo, Looney, Arsenault | 4, 10 |
| 18 | 103(a) | Lawlor, Bouve, De Leo, Looney, Kawan, Arsenault | 18 |
| **Overall Outcome** | | | 1, 3–7, 9–13, 15, 16, 18–20 |

Claims 2, 8, 14, and 17, although not challenged in the IPR proceedings, are not patentably distinct and are also obvious under 35 U.S.C. §103 in view of these same cited references and therefore invalid.

<u>Claim 2</u>

Claim 2 depends from invalid claim 1 and therefore incorporates all the obvious elements of claim 1. Claim 2 adds the limitation requiring that the "stored transactional usage data is stored in association with a customer profile."

The prosecution history of the '508 Patent shows that this limitation recited in claim 2 was initially added as new claim 5, in an amendment filed October 30, 2008. In the first action addressing the newly added claim, the Examiner rejected "claim 5" over U.S. Pat. No. 6,334,110 to Walter. Specifically, in the Final Office Action dated February 6, 2009, at pages 5-6, the Examiner pointed out that Walter discloses this "claim 5" limitation at col. 2, lines 33-36 and that a person of ordinary skill in the art would be motivated to store transactional usage data in association with a customer profile, and that such storage of transactional usage data would have been obvious in view of Walter. That "claim 5" was issued as claim 2 in the '508 Patent.

In response to the rejection of this new "claim 5" (now claim 2), the applicant did not address the cited Walter patent and chose to further amend independent claim 1 to avoid the primary reference cited against the independent claim. The applicant therefore acquiesced to the rejection citing the Walter patent and admitted that Walter was prior art relevant to "claim 5." Walter teaches storing transactional usage data "in association with a customer profile." Therefore, the limitation of storing transactional usage data in association with a customer profile would have been known and would not add patentable weight to the claimed method.

The Examiner continued to cite Walter against "claim 5" throughout the prosecution of the '508 Patent. This same rejection was asserted in the September 28, 2009, Office Action, the Final Office Action dated June 23, 2010, and the Office Action dated September 20, 2013. Each time, the applicant responded to these Office Actions by amending the independent claim 1, adding

further limitations to the claim in an attempt to distinguish that claim from the prior art, and arguing that "<u>the dependent claims were patentable by virtue of those added limitation to the independent claim</u>." In June 2014, several Examiner's amendments were made to independent claims 1, 7, and 13 to ostensibly cause them to be considered patentable. However, no further amendments were made to claim 5, which by virtue of the cancellations, issued as claim 2.

In view of the Walter patent, issued claim 2, reciting the limitation of storing transactional usage data in association with a customer profile, was only patentable in view of the patentability determination for claim 1. With the invalidity determination for, and cancellation of, claim 1 by the PTAB, claim 2 cannot stand on its own (even with the limitations of claim 1 incorporated therein) and is obvious over the references of Lawlor, Bouve, De Leo, and Looney (see above chart) in view of Walter. Therefore, claim 2 is also invalid.

<u>Claim 8</u>

Claim 8 is invalid under the same rationale that claim 2 is invalid. Claim 8 depends from now-invalid and canceled claim 7. Claim 8 adds the same limitation as claim 2, requiring that the "stored transactional usage data is stored in association with a customer profile."

Throughout the prosecution history of the '508 Patent, the limitation recited in claim 8 (originally presented in claim 11) was rejected over U.S. Pat. No. 6,334,110 to Walter. The applicant never directly addressed the cited Walter patent and chose to further amend independent claim 7 to avoid the primary reference. The applicant's acquiescence to the rejection citing the Walter patent, admitting that Walter was prior art and that the teaching of storing transactional usage data "in association with a customer profile" was known, causes any patentability of claim 8 to rely on the patentability of its antecedent independent claim 7.

The applicant's further amendments to independent claim 7 during prosecution led to the allowance of that claim. Dependent claim 8, therefore, was patentable based solely on the limitations entered for claim 7. Claim 8 was never asserted to be separately patentable, but for its dependence from representative claim 7.

The limitation of storing transactional usage data in association with a customer profile, as recited in claim 8 fails to impart patentability on claim 8, separate and apart from claim 7. Upon the invalidity determination for, and cancellation of, claim 7 by the PTAB, claim 8 is also obvious and unpatentable over the references of Lawlor, Bouve, De Leo, and Looney (see above chart) in view of Walter. Therefore, claim 8 is invalid.

<u>Claim 14</u>

Claim 14, like claims 2 and 8, also includes the limitation that the "stored transactional usage data is stored in association with a customer profile." Claim 14, which depends from (now invalid) claim 13, is also invalid for the same reasons that claims 2 and 8 are invalid.

Issued claim 14 was rejected over U.S. Pat. No. 6,334,110 to Walter for the same reason that claims 2 and 8 were rejected. Further amendments and arguments for patentability of claim 14 were entirely reliant on the patentability of independent claim 13. Applicant's acquiescence to the rejection of claim 14 citing the Walter patent, is an admission that Walter is prior art and that the teaching of storing transactional usage data "in association with a customer profile" was known.

Dependent claim 14 was patentable based only on the limitations entered for claim 13. Claim 14, alone, (even with the limitations of claim 13 incorporated therein) is obvious over the references of Lawlor, Bouve, De Leo, Looney, and Kawan (see above chart) in view of Walter, and is therefore invalid.

<u>Claim 17</u>

Claim 17 is also invalid because its patentability stems solely from claim 13, which is now invalidated and canceled. Claim 17 adds the limitation of providing the financial institutions with a common point of control of system functionality. This claim was added late in prosecution, in an Amendment filed March 24, 2014. The Examiner made minor amendments to the claims, including claim 17, and issued a Notice of Allowance on June 4, 2014. The limitation of providing the financial institutions with a common point of control of system functionality does not add patentable weight separate and apart from independent claim 13. The functionality recited in claim 17 is without structural support or example in the specification, but for the structural elements provided in the now-invalidated independent claim 13. Because the system of claim 13 is obvious, as determined by the PTAB, then the functionality of the system recited in claim 17 is also obvious and invalid. In other words, if the elements of the system are obvious, then the function of those structural elements flows from the system as claimed – the function is either inherent or obvious from those obvious, and unpatentable, structural elements.

Patentability of claim 17 is therefore reliant on the limitations recited in independent claim 13. Because claim 13 is invalid in view of the cited references of Lawlor, Bouve, De Leo, Looney, and Kawan, claim 17 is also unpatentable under 35 U.S.C. §103 as obvious and therefore invalid.

As such, all of the alleged dependent claims in the '508 patent that are left standing rise fall with their respective representative claims.

WHEREFORE, in light of the foregoing binding and persuasive authority, Defendant respectfully requests that the Court dismiss MCOM's infringement claims with prejudice, and it enter an Order to Show Cause as to why sanctions in the form of reimbursement of Defendant's legal costs and fees in bringing the instant Motion should not be imposed if not other sanctions.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

Respectfully submitted,

**500law**
*Attorneys for Defendant*
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474

By:    /s/ Salvatore Fazio
       Michael I. Santucci, Esq.
       Fla. Bar No.: 105260
       Primary E-mail: Mis@500law.com
       Secondary E-mail: docketing@500law.com
       Salvatore Fazio, Esq.
       Fla Bar No.: 0127525
       Primary E-mail: Sfazio@500law.com
       Secondary E-mail: docketing@500law.com

## <u>SERVICE LIST</u>

**MCOM IP LLC v. City National Bank of Florida**
**Case No. 1:23-cv-23427-RNS**
**United States District Court, Southern District of Florida**

Victoria E. Brieant, Esq.
Law Office of Victoria Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 421-7200
E-mail: Victoria@brieantlaw.com
*Attorney for Plaintiff*
Service via CM/ECF