United States District Court
for the
Southern District of Florida

| | |
|---|---|
| mCom IP, LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23427-Civ-Scola |
| | ) |
| City National Bank of Florida, Defendant. | ) |

### Order Adopting Magistrate Judge's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations on Defendant City National Bank of Florida's motion for attorney fees and costs. (Mot., ECF No. 38, Mot.; Order of Referral, ECF No. 39.) The motion was then re-referred to Magistrate Judge Enjoliqué A. Lett. (ECF No. 50.) Judge Lett issued a report, recommending that the Court grant the motion and award $33,986.43 under the provision for an "exceptional" case under 35 U.S.C. § 285 and $50,619.59 under 28 U.S.C. § 1927. (R. & R., ECF No. 55.) The Plaintiff, mCom IP, LLC, filed objections. (ECF No. 57.) The Defendant need not respond. After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Lett's report and recommendations (**ECF No. 55**), **overrules** mCom's objections (**ECF No. 57**), and **grants** the Defendant's motion for attorney fees and costs (**ECF No. 38**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-

84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

1. **Discussion**

mCom essentially objects to the entirety of Judge Lett's report and recommendations. The Court thus reviews each portion of Judge Lett's report and recommendations in turn, mindful of mCom's specific objections.

A. **35 U.S.C. § 285 Attorney's Fees**

Under 35 U.S.C. § 285, trial courts may award attorney's fees and costs in patent cases to a prevailing party in "exceptional cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). mCom does not object to Judge Lett's assertion that "[t]he standard set forth in *Octane* now allows for an award of attorney's fees in which a party's unreasonable conduct, while not independently sanctionable, is nonetheless so 'exceptional' to justify a fee award." (R&R at 6 (citing *Octane*, 572 U.S. at 555).) Nor does mCom object to Judge Lett's statement that under *Octane*, "the district court must determine if, under the totality of the circumstances of a case, the case stands out 'with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated." (*Id.* (citation omitted.)

Under the totality of the circumstances here, the Court agrees with Judge Lett and concludes that this case is exceptional under 35 U.S.C. § 285. As Judge Lett noted, "[g]iven the previous ruling of the Patent and Trial Board on the underlying application, *while not every claim was dismissed*, every independent claim was dismissed requiring Plaintiff to have considered the viability of the present litigation in light of the PTAB's ruling." (*Id.* at 9 (emphasis added).) Moreover, the current complaint was dismissed twice: once as a shotgun pleading, and once after mCom amended its complaint. (*Id.*) And interestingly, mCom *itself* claimed that its case was exceptional when doing so was in its favor—but now contends that it is not so. (*Id.*) Finally, mCom's prior knowledge of the NCR agreement, combined with Attorney Ramey's past misconduct, should have put it on notice of the insufficiency of its claims. (*Id.*)

Considered together, these circumstances lead the Court to its independent conclusion that the action here is "extraordinary" and that the Defendant, as the prevailing party in the litigation, is entitled to attorney's fees under 35 U.S.C. § 285.

### B. 28 U.S.C. § 1927 Attorney's Fees

The Defendant also seeks attorney's fees under 28 U.S.C. § 1927, which allows for fees for excessive costs due to vexatious litigation. mCom does not object to the standard Judge Lett used: that "[a]n award of Section 1927 fees requires three things: 1) that the attorney engaged in unreasonable and vexatious conduct, 2) that the conduct itself multiplied the proceedings, and 3) that the dollar amount of the sanction must bear a financial nexus to the excess proceedings." (*Id.* at 9-10 (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).) Nor does it object to Judge Lett's assertion that when evaluating bad faith under § 1927, the Court must "look objectively at the conduct of the attorney, not the attorney's subjective intent, to determine if the actions of the attorney represent an intentional or reckless disregard to the attorney's duties to the court." (*Id.* at 10 (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010).)

The Court agrees with Judge Lett in finding *Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 F. App'x 219 (Fed. Cir. 2003), persuasive. (*See* R&R at 10.) There, the Federal Circuit found vexatious conduct where the plaintiff pursued an issue that the court previously ruled in a way adverse to the plaintiff. *See Phonometrics*, 64 F. App'x at 221. The court also cited previous misconduct by the same plaintiff in a previous suit. *See id.* Here, Attorney Brieant was unable to answer questions regarding communications between NCR and mCom—which is especially alarming given the importance of the settlement agreement between NCR and mCom to the merits of this case. (*See* R&R at 11.) At the hearing on this motion, Brieant also indicated that she did not conduct a diligent inquiry into those communications. (*Id.*) Moreover, as Judge Lett noted when discussing attorney's fees under 35 U.S.C. § 285, "[g]iven the previous ruling of the Patent and Trial Board on the underlying application, while not every claim was dismissed, every independent claim was dismissed requiring Plaintiff to have considered the viability of the present litigation in light of the PTAB's ruling." (*Id.* at 9.) Brieant's lack of knowledge of, and investigation into, these critical facts demonstrates her reliance on Ramey, who was not admitted *pro hac vice* in this case. This is especially concerning given Ramey's history of misconduct in patent cases. The Court acknowledges mCom's point that Brieant signed all briefings and was the attorney of record on this case and that is, in part, why Ramey did not appear *pro hac vice*. Still, however, Brieant failed to independently investigate the merits of the case and Ramey's knowledge thereof. This caused vexatious and unnecessary litigation, thus warranting § 1927 sanctions. The Court adopts Judge Lett's analysis in full.

### C. Timeliness of Motion

The Court agrees with Judge Lett that the Defendant's motion was timely, given Fed. R. Civ. P. 54(d)(2)(D)'s allowance for special procedures for local rules, in conjunction with S.D. Fla. L.R. 7.3, which gives a sixty-day deadline since the close of a case to file a motion for attorney's fees.

### D. Reasonableness of Fees

Lastly, the Court agrees with Judge Lett's calculation of reasonable attorney's fees. The Defendant's attorneys' rates are reasonable, as specified in Judge Lett's report; in fact, mCom did not dispute the rates despite having the opportunity to do so. (R&R at 15-16.) Similarly, mCom did not object to the amount of time or hours the Defendant sought when the motion was before Judge Lett. The Court independently finds that the billing statements provided by the Defendant, as well as the work conducted to litigate the hearing on this motion, are reasonable and accurate.

And in allocating the fees, the Court also agrees that February 26, 2024, the date of the filing of the Amended Complaint, is "the natural demarcation." (*Id.* at 17.) At this point, Brieant should have investigated the various factors that called into question the merits of mCom's claims before filing the Amended Complaint. (*See id.* at 17-18.)

Therefore, the amounts of $33,986.43 under the provision for an "exceptional" case under 35 U.S.C. § 285 and $50,619.59 under 28 U.S.C. § 1927 are appropriate.

### 2. Conclusion

The Court **affirms and adopts** Judge Lett's report and recommendations (ECF No. 136) and **overrules** mCom's objections (**ECF No. 57**), thus **granting** the Defendant's motion for attorney's fees and costs (**ECF No. 38**).

**Done and ordered** in Miami, Florida, on March 28, 2025.

_____
Robert N. Scola, Jr.
United States District Judge